UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAZMINE CHANTEL GAMMON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-1317-G |
| | ) |
| **FEDEX GROUND PACKAGE** | ) |
| **SYSTEMS, INC.,** | ) |
| | ) |
| Defendant. | ) |

# ORDER

Plaintiff Jazmine Chantel Gammon herein brings federal and state-law employment discrimination claims against Defendant FedEx Ground Package Systems, Inc. *See* Am. Compl. (Doc. No. 21). Now before the Court are several pending Motions (Doc. Nos. 29, 32, 37) filed by Plaintiff. Defendant has responded (Doc. Nos. 30, 36, 39), Plaintiff has submitted two Replies (Doc. Nos. 31, 40), and the Motions are now at issue.

I.    *Plaintiff's Motion Regarding Expert Testimony*

On September 20, 2025, Plaintiff identified Ahmed B. Buksh, DPM, as her treating physician and retained expert in this matter. *See* Pl.'s Expert Disclosure (Doc. No. 28); Buksh Report (Doc. No. 28-1); Fed. R. Civ. P. 26(a)(2).

Plaintiff now requests that she be permitted to use Dr. Buksh's deposition testimony at trial, in lieu of Dr. Buksh appearing to present live testimony. *See* Pl.'s Mot. (Doc. No. 29) at 1 (citing Fed. R. Civ. P. 32(a)(4)(B)). Plaintiff, who is appearing pro se, argues that she has limited financial resources and "is unable to afford Dr. Buksh's full-day appearance at trial." *Id.* Plaintiff further asserts that Dr. Buksh agreed to proceed with a deposition

because it would be less disruptive to his surgical and patient-care schedule than appearing for trial and that this arrangement would allow Defendant to "retain[] the full opportunity to cross-examine the expert during the deposition." Pl.'s Reply (Doc. No. 31) at 1-2.

Defendant opposes Plaintiff's request, arguing that Plaintiff fails to show exceptional circumstances warranting such relief or sufficiently establish an inability to secure the expert's trial appearance. *See* Def.'s Resp. (Doc. No. 30) at 1-2.

Pursuant to Rule 32(a)(4)(E), "[a] party may use for any purpose the deposition of a witness" if the court finds, "on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(E). The party invoking the Rule bears the burden of showing that "exceptional circumstances" are present. *See Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963 (10th Cir. 1993). "[T]he 'exceptional circumstances' must be a reason the deponent cannot appear, not merely serious prejudice that would result if the court did not admit the deposition testimony." *Id.* at 963-64.[1]

While sympathetic to Plaintiff's position, the Court finds that the requirements of Rule 32(a)(4)(E) have not been met. The trial in this case is still more than six months

---

[1] The preference for witnesses' testimony being "taken in open court" is also reflected in Federal Rule of Civil Procedure 43:

> The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.

Fed. R. Civ. P. 43(a); *id.* advisory committee's note to 1996 amendment.

away, and the Court expects the parties to work together to minimize the amount of time any witness—including Dr. Buksh—will need to be present. *Cf. Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990) (finding no cases to support a finding of a "federal practice to regard doctors as 'automatically unavailable'"). Plaintiff is not proceeding *in forma pauperis* and has discretion over her choice of expert. And because Defendant can obtain Dr. Buksh's deposition if it chooses, Plaintiff can put those funds toward paying for Dr. Buksh's trial time instead. For these reasons, the Court denies Plaintiff's Motion.

II.  *Plaintiff's Motion for Protective Order*

In Plaintiff's Motion for Protective Order (Doc. No. 32), Plaintiff objects that Defendant noticed Plaintiff's deposition "without first resolving outstanding discovery disputes or producing critical documents and information necessary for Plaintiff to adequately prepare." *Id.* at 1. Plaintiff requests that the Court stay or quash the noticed deposition until Defendant has fully responded to Plaintiff's outstanding discovery requests. *See id.* at 1-2.

Defendant first responds that it has withdrawn the challenged deposition notice. *See* Def.'s Resp. (Doc. No. 36) at 1. Accordingly, this aspect of the Motion is moot.

Defendant additionally argues that the parties' discovery disputes or any outstanding responses do not permit Plaintiff to avoid deposition. *See id.* at 1-2 (citing Fed. R. Civ. P. 26(d)(3)). The Court concurs, as it is well established that, absent stipulation or a court order, "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3); *accord Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 320 F.R.D. 168, 183 (N.D. Iowa 2017) ("[A] party cannot delay

responding to discovery simply because the other party has not yet responded to its discovery."). And Defendant may depose Plaintiff without leave of the Court pursuant to Federal Rule of Civil Procedure 30(a)(1).

Plaintiff's Motion for Protective Order shall therefore be denied. The Court declines to award any payment of expenses.

III.    *Plaintiff's Motion to Compel*

Plaintiff moves to compel Defendant to provide substantive responses to certain of Plaintiff's discovery requests: Interrogatory Nos. 10, 11, 12, 17, 18, 19, 20, and 21; and Request for Production Nos. 5, 10, 16, 18, 19, and 26. *See* Pl.'s Mot. to Compel (Doc. No. 37) at 1-2; Pl.'s Reply (Doc. No. 40) at 1-3.

In response, Defendant argues that, while the parties met and conferred regarding some of these requests, others were not addressed at the parties' personal conference on October 28, 2025. *See* Def.'s Resp. (Doc. No. 39) at 4-5, 7-8. Defendant also argues that its objections to Plaintiff's requests were proper and that Plaintiff's Motion should be denied on the merits. *See id.* at 8-15. Plaintiff disputes Defendant's characterization of their meet-and-confer, as well as Defendant's arguments regarding the discovery objections. *See* Pl.'s Reply at 1-3.

Without making any finding as to which party is correct regarding their previous conference, the Court concludes that, given the clear disagreement and the Court's recent granting of the parties' request for an extension of all deadlines, it is in the interest of justice for the parties to "personally . . . m[eet] and confer[] in good faith" in "a sincere attempt to resolve differences" as to Plaintiff's now-narrowed discovery requests. LCvR 37.1; *see*

4

*also* Fed. R, Civ. P. 37(a)(1). If this attempt to reach an accord without Court action is unsuccessful, Plaintiff may re-urge her motion to the Court. The Court declines to award expenses at this time.

## CONCLUSION

For the foregoing reasons:

Plaintiff's Motion (Doc. No. 29) is DENIED. Plaintiff's Motion for Protective Order (Doc. No. 32) is DENIED.

Plaintiff's Motion to Compel (Doc. No. 37) is DENIED without prejudice. Plaintiff and Defendant's counsel are directed to personally MEET AND CONFER, within twenty-one (21) days, regarding any requests for which Plaintiff still seeks to move for an order compelling discovery from Defendant.

IT IS SO ORDERED this 18th day of February, 2026.

CHARLES B. GOODWIN
United States District Judge